WILLIAM RILEY, ET AL., *v.* COMMONWEALTH.

**Criminal Law—Hog-Stealing—Impeachment of Witness.**
    The defendant in a criminal case may, by evidence, show that a witness for the prosecution has a bad reputation for truth and veracity, and also that the general moral character of such witness is bad in the neighborhood where she resides.

APPEAL FROM GREENUP CRIMINAL COURT.

January 26, 1878.

OPINION BY JUDGE ELLIOTT:

By this appeal William and Allen Riley seek to reverse a judgment of the Greenup Criminal Court, by which they have been incarcerated in the penitentiary of this state for the period of three years each on an indictment for hog stealing.

The evidence strongly conduces that on the night of February 1, 1876, the appellants and one Willis went to the farm of Jacob Vickers and killed one of his hogs, and after having cut its head and

legs off, carried it to the father of the two Rileys, and there concealed it.  Miss Morrison swears that she was at old man Riley's and heard the appellants and Willis make the agreement to kill Vickers' hog, and saw them start from Riley's house and return in the night with the hog; and other witnesses prove their confession of guilt.  Indeed, a clearer case of hog stealing could not be easily made out; but appellants complain that the court erred to their prejudice by its refusal to permit them to prove the general moral character of Miss Morrison in the vicinity of her residence, but only permitted them to prove her character as to truth and veracity.

There can be no doubt but that the court should have allowed the appellants to prove not only the character of Miss Morrison for truth and veracity, but also her general moral character in the neighborhood of her residence; and its refusal so to do would have been a reversible error but for the fact that although the court ruled that evidence of the general moral character of Miss Morrison was inadmissible it still allowed the witness not only to prove her character for truth and veracity, but also her general moral character, and therefore this ruling was not prejudicial to the appellants.

·The first and only instruction given for the state, although not perhaps as full as it should have been, is believed to be the law. By it the jury are told that before they can convict the prisoners they must believe beyond a reasonable doubt that they took, stole and carried away Jacob Vickers's hog as charged in the indictment for which they were being tried.  The court gave every instruction that was asked by the prisoners, and the jury, after a patient investigation, found the prisoners guilty and convicted them to the state prison for three years each.

We are of opinion that the evidence was ample to authorize the conviction, and that no error occurred during the progress of the trial prejudicial to the appellants, and consequently both judgments are *affirmed*.

*C. L. Raison, Jr., for appellants.   Moss, for appellee.*